Eastern District of Kentucky
**FILED**
JUN 19 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-107-DLB

DAVID A. JOHNSON                                                        PETITIONER

VS:                  **MEMORANDUM OPINION AND ORDER**

SUZANNE R. HASTINGS, *Warden*                      RESPONDENT

David A. Johnson, who is confined in the United States Prison-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. See *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. See *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The petitioner alleges that his federal sentence violates the Due Process Clause of the Fifth Amendment of the United States Constitution.

## NAMED RESPONDENT

The named respondent is Suzanne Hastings, the Warden of USP-Big Sandy.

## ALLEGATIONS OF THE PETITION

The petitioner gives very limited information concerning his federal criminal sentence. The petitioner did not identify the federal court in which he was sentenced. He did not divulge when the sentence was rendered. He does state that he received a 646-month (53-year) sentence in connection with firearm offenses under 18 U.S.C. §924(c), comprised of two counts: one count which resulted in a 215-month sentence and another count which resulted in a 431-month sentence [Petition, pp. 2-3]. Petitioner alleges that he filed a motion in the sentencing court, under 28 U.S.C. §2255, to vacate his sentence. He does not, however, refer either to the identity of the specific sentencing court or a case number.[1]

It appears that the petitioner's federal sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e), and that he challenges that enhancement here. Petitioner claims that the unidentified sentencing court exceeded the statutory maximum sentence under §924(c)(1)(A)(ii) [*Id.*, p. 5]. The petitioner states that the sentencing enhancement provisions of the ACCA should have been set forth in the indictment and proven beyond a reasonable doubt [*Id.*, p. 6]. He argues as follows:

---

[1] Petitioner explains that he "reasserts and realleges {sic} all facts and argument presented in his initial §2255 motion, its supporting memorandum of law, its supplement, amendments, and traverse and incorporates these by reference herein." [Petition, p. 2]

2

> "The petitioner plead guilty to [18 U.S.C. ]§ 924(c)(1)(A)(ii) for count three and six because his indictment did not allege 924(B)(ii) or (C)(II) and therefore, he should not have been sentenced under the machinegun or a destructive device nor did the firearm have a silencer or muffler, therefore, the sentence is illegal and unconstitutional."

[Petition, p. 3]

The petitioner cites, among other cases, two Supreme Court cases in support of his argument that his sentence was unconstitutionally enhanced in violation of the Fifth Amendment: *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and *United States v. Booker*, 543 U.S.220, 125 S. Ct. 738, 749 (2005). In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000), the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 530 U.S. at 490.

In *Booker*, the Supreme Court made its *Apprendi* holding applicable to the federal sentencing guidelines. *See Booker*, 125 S. Ct. at 756-758. *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. The petitioner contends that under the new, prevailing case law *of Booker*, his sentence was unconstitutionally enhanced. For the following reasons, the petition fails to state a claim upon which relief can be granted and must be dismissed.

## DISCUSSION
### 1. §2255 Remedy Not Inadequate

3

The law of the Sixth Circuit, as discussed in *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999), is well established: the remedy available to a petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court previously denied him relief. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id.* at 758.

A petitioner challenging his conviction or sentence under §2241 must first demonstrate that his remedy under §2255 is truly inadequate or ineffective; neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. Relief under §2241 is not appropriate where, as here, the petitioner states that he previously presented his instant claim to the trial/sentencing court under 28 U.S.C. §2255 and lost. *Charles v. Chandler*, 180 F.3d at 757-58.[2]

The second component which must be demonstrated under §2241 is that the petitioner present a claim of "actual innocence." The Court will address that issue.

2. No "Actual Innocence" Claim Asserted

Even if the Court were to broadly construe a claim of actual innocence, the petitioner would not prevail. In *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604 (1998), the Supreme Court explained that "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court further stated: "It is important to note in this regard that

---

[2]

Since the petitioner has failed to provide any details to the Court about the §2255 motion to vacate his sentence, which he states that he filed in the unidentified sentencing court, the Court will take the petitioner at his word that he filed a §2255 motion and that his motion was denied.

4

'actual innocence' means factual innocence, not mere legal insufficiency . . . ." *Id.* at 623-24.

Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of the underlying offense charged in the indictment. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (same).

A challenge to a *sentence*, such as Petitioner Johnson asserts in the instant petition, carries little weight when asserting a claim of actual innocence. In *Truss v. Davis*, 115 Fed. Appx. 772 (6th Cir. (Tenn.) September 16, 2004) (Not selected for publication in the Federal Reporter), a prisoner challenged his sentence under §2241. The Sixth Circuit analyzed the claim and stated as follows:

> "Additionally, it is unclear whether and to what extent someone like Truss can show actual innocence in relation to his claims that challenge the imposition of his sentence. The Eleventh Circuit stated in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir.1999), that:
>> 'The Seventh Circuit in *Davenport* [3] suggested in dicta that the savings clause might apply to some claims involving a 'fundamental defect' in sentencing where the petitioner had not had an opportunity to obtain judicial correction of that defect earlier. See 147 F.3d at 611. We need not decide whether the savings clause extends to sentencing claims in those circumstances, or what a "fundamental defect" in a sentence might be. *It is enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent.*'"

---

[3] *See In re Davenport*, 147 F.3d 605, 609-611 (7th Cir.1998).

5

*Truss v. Davis*, 115 Fed. Appx. at 774 {Emphasis Added}.

*See also Raymer v. Barron*, 82 Fed. Appx. 431, 432 (6th Cir. (Ky.) November 3, 2003) (Not selected for publication in the Federal Reporter) ("In this case, Raymer has presented only a challenge to his sentencing under the ACCA, not a claim that he is actually innocent of possession of a firearm by a felon. Therefore, the district court properly concluded that the claim presented could not be addressed under §2241."). Based upon this law, Petitioner Johnson's challenge to his enhanced sentence does not assert a valid claim of "actual innocence" which would afford him relief under §2241.

### 3. *Apprendi* and *Booker* Do Not Apply

To the extent that the petitioner relies on *Apprendi* and *Booker* in arguing that the trial court improperly enhanced his 1998 sentence, his reliance on these cases is misplaced. The Sixth Circuit has long held that *Apprendi* is not retroactively applicable to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 492 (6th Cir.2001) ("[w]hile this court has applied *Apprendi* to cases on direct appeal, we have not applied its new rule retroactively to cases on collateral review") ( §2255 motion); *Perkins v. Thoms*, 23 Fed. Appx. 256 (6th Cir. 2001) (§2241 petition). Accordingly, *Apprendi* is of no assistance to the petitioner.

In conformity with other courts addressing the same issue, the Sixth Circuit has now held that *Booker* does not apply retroactively to cases on collateral review. *See Humphress v. United States,* 398 F.3d 855 (6th Cir. Feb. 25, 2005); *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005) (Supreme Court's *Booker* decision established a new rule of criminal procedure and thus did not apply retroactively to cases already final on direct review, namely, those cases in which a decision had been rendered on direct appeal and the 90-day period for seeking a writ of certiorari had expired, at the time *Booker* was rendered); *Swain v. United States*, 2005 WL

3065969, *5 (6th Cir.(Mich.) November 15, 2005) (Not selected for publication in the Federal Reporter) ("Yet neither *Blakely* nor its federal counterpart, *United States v. Booker*, 543 U.S. 220 . . . (2005), may be invoked on collateral review.").[4]

As this Court is bound by--and in full agreement with--the *Humphress* decision, *Booker* cannot be applied retroactively on collateral review and provide the petitioner with grounds for relief from his sentence. The petitioner's claims will therefore be dismissed with prejudice. 28 U.S.C. §1915(e)(2)(ii).

## CONCLUSION

Accordingly, **IT IS ORDERED** that the §2241 petition for habeas corpus [Record No. 1] is **DENIED** and that this action is **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

This 19th day of June, 2006.



Signed By:
David L. Bunning
United States District Judge

---

[4] *See Blakely v. Washington*, 524 U.S. 596, 124 S. Ct. 2531 (2004), in which the Supreme Court held that the determinate sentencing system in effect in the state of Washington was invalid on Sixth Amendment grounds. According to *Blakely*, the "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S. Ct. at 2537.