NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
FILED
JUL 1 2 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-107-DLB

DAVID A. JOHNSON                                                        PETITIONER

VS.              **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, ET AL.                               RESPONDENTS

David A. Johnson, who is incarcerated in United States Prison-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), filed a *pro se* petition for writ of habeas corpus [Record No. 1]. On June 19, 2006, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") and Judgment, dismissing the petition with prejudice [Record Nos. 4 and 5].

On July 3, 2006, the petitioner filed a "Motion for Reconsideration and Dismissal of Summary Judgment" pursuant to Fed. R. Civ. P. 59(e) [Record No. 7] and a subsequent "Motion to Amend Motion for Reconsideration" [Record No. 8] Those motions are now before the Court for consideration.

1. Procedural History

The Court will not reiterate the allegations of the §2241 petition, as they are set forth in detail in the Opinion and Order. Summarized, the petitioner alleged that his federal sentence violates the Due Process Clause of the Fifth Amendment of the United States Constitution. He argued in his §2241 petition that because his indictment charged no drug quantity, and because the jury made no finding as to drug quantity, his sentence was enhanced without due process of

law in violation of the Fifth Amendment of the United States Constitution.

He claimed that because of the constitutional defect with his sentence, he is entitled to assert a claim of actual innocence under *Bousley v. United States*, 523 U.S. 614, 623 (1998). The petitioner relied upon two Supreme Court decisions in support of his argument that his sentence was unconstitutionally enhanced in violation of the Fifth Amendment: (1) *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000); and (2) *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 749 (2005).

The Court dismissed the complaint for three reasons. First, the Court noted that the petitioner had already filed a motion in the trial court to vacate his sentence under 28 U.S.C. §2255 and that the trial court had denied him relief. Accordingly, the Court concluded that the petitioner had failed to establish that his remedy under 28 U.S.C. §2255 was inadequate and ineffective. Second, the Court noted that because the petitioner was challenging only his sentence, not his underlying conviction, he had not asserted a claim of actual innocence.[1] Third, the Court rejected the petitioner's claim that his sentence violated the Fifth Amendment.

The Court noted that the petitioner's reliance on *Apprendi* and *Booker* was without merit because neither case is retroactively applicable to cases on collateral review. In his motion for reconsideration, the petitioner essentially re-argues the claims which he raised in his §2241 petition. He states that even though the trial court denied his §2255 motion, he should be able to proceed with his claims of actual innocence in this Court under §2241.

---

[1] In his current motion, the petitioner states that on direct appeal, the Fifth Circuit affirmed his criminal conviction for drug offenses in March, 2003. [*See* Record No. 7, p. 1]

2

## DISCUSSION

Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). The Court determines that under this criteria, no basis exists for altering or amending the judgment.

The petitioner asserts nothing in his motion which convinces the Court that its analyses, set forth in the Opinion and Order, were in error. The trial court determined that his §2255 motion was without merit. As the Court explained in the Opinion and Order, under *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999), the remedy available to a petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court previously denied him relief.

Additionally, the law is clear that neither *Apprendi* nor *Booker* apply retroactively to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 492 (6th Cir.2001) ("[w]hile this court has applied *Apprendi* to cases on direct appeal, we have not applied its new rule retroactively to cases on collateral review") ( §2255 motion); *Perkins v. Thoms*, 23 Fed. Appx. 256 (6th Cir. 2001) (§2241 petition); and *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005) (Supreme Court's *Booker* decision established a new rule of criminal procedure and thus

3

did not apply retroactively to cases already final on direct review, namely, those cases in which a decision had been rendered on direct appeal and the 90-day period for seeking a writ of certiorari had expired, at the time *Booker* was rendered). Accordingly, there is no reason under Rule 59(e) to alter or amend the Opinion and Order, and Judgment, dismissing the petition.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) The petitioner's "Motion for Reconsideration" [Record No. 7] is **DENIED**.

(2) The petitioner's "Motion to Amend Motion for Reconsideration" [Record No. 8] is **DENIED** as **MOOT**.

This 11TH day of July, 2006.



Signed By:
*David L. Bunning*
United States District Judge

4